EANE CORPORATION, Plaintiff,

v.

TOWN OF AUBURN, William Bylund, Adele Hamilton, Richard Hedin, Patricia LaMountain, David O'Gara, Christopher Raths and John Vella, Defendants.

No. Civ. A. 96–40180–NMG.

United States District Court,
D. Massachusetts.

Dec. 31, 1997.

Steven R. Maher, Auburn, MA, for Plaintiff.

Richard C. Van Nostrand, Mirick, O'Connell, DeMaille & Lougee, Robert J. Hennigan, Jr., Power & Hennigan, Worcester, MA, for Defendants.

## MEMORANDUM AND ORDER

GORTON, District Judge.

On August 20, 1996, the plaintiff, EANE Corporation ("EANE"), filed the present action under 42 U.S.C. §§ 1981, 1983, and 1985, alleging that the Town of Auburn, William Bylund, Adele Hamilton, Richard Hedin, Patricia LaMountain, David O'Gara, Christopher Raths and John Vella ("the Defendants") conspired to violate its First and Fourteenth Amendment rights, by refusing it access to the local public access channel ("the PAC"). Pending before this Court is EANE's motion to compel discovery.

### I. Background

EANE alleges that the Defendants wrongfully denied it access to the PAC in retaliation for articles critical of the Defendants published in *Auburn Magazine,* EANE's tabloid newspaper which covers Auburn municipal affairs and government. Between February, 1995 and August, 1996, EANE submitted six videotapes for broadcast over the PAC, only two of which were aired. EANE asserts that the Defendants' refusal to air the others violated its First Amendment rights.

On October 31, 1995, the Local Channel Committee ("LCC"), composed of Hamilton, Hedin, LaMountain and O'Gara, enacted a requirement that all videotape submissions for broadcast must be accompanied by a Cablecast Request Form ("CRF"). The Defendants refused to air EANE's videotapes submitted after October 31, 1995, because EANE did not submit CRFs for any of them. The CRF does not request information about the substance of a submitted videotape, but rather solicits the identification of the videotape's sponsor. In addition, the CRF states on its face that it is a public record, that the LCC may identify on the air the sponsor of any videotape and that broadcast dates and times are not guaranteed.

EANE contends that the Defendants' use of the CRF chills political speech by (1) requiring identification of a videotape's sponsor, thereby potentially subjecting the sponsor to retaliation and (2) failing to guarantee the timing of the airing of a videotape, thereby potentially curtailing the impact of the broadcast. EANE served various discovery requests on the Defendants, including: (1) interrogatories for all defendants, (2) interrogatories for Bylund and Raths, the former and current Operations Managers for the PAC, (3) requests for the production of documents concerning Bylund's employment and (4) requests for admissions. EANE now moves to compel answers to portions of those discovery requests, the previous answers to which it claims were evasive, incomplete or nonresponsive.

### II. *Analysis*

#### A. *Interrogatories Concerning the CRF*

■ EANE contends that the Defendants refused to answer Interrogatory No. 1(c), (e), and (f), which asks who decides whether a sponsor's name will be broadcast on the PAC and on what basis. The Defendants responded that "[t]here are no express criteria established" for determining whether to identify a sponsor on the air, and added that, were they to decide to identify a sponsor on the air they would do so in a way consistent with the First Amendment. Because the Defendants, in fact, answer the Interrogatory in question, EANE's motion to compel will be denied with respect to that Interrogatory.

EANE next claims that the Defendants failed to answer Interrogatory No. 2, which asks why the sponsors of 13 PAC broadcasts from 1994 to 1996 were not identified on the air. The Defendants answered that the PAC does not require sponsorship identification on the air and that the Defendants have not yet broadcast a program sponsor's identity. Given the Defendants' answer, EANE's motion to compel a further answer will be denied.

EANE further contends that the Defendants did not answer Interrogatory No. 3, which requests information about communications between the Defendants and Auburn's Board of Selectmen concerning the CRF and EANE. The Defendants, however, provided such information and therefore EANE's motion to compel an answer will be denied.

EANE maintains that the Defendants also evaded answering Interrogatory No. 9, which asks the purpose of requiring a CRF and whether the Defendants' interests could be served without so requiring. The Defendants answered that the CRF is used (1) to ensure broad access to the PAC, (2) for effective channel management, and (3) as just one way for the Defendants to protect themselves against possible lawsuits. The answer is responsive and EANE's motion to compel will be denied.

In EANE's Interrogatory No. 1(d) to Bylund, EANE asks why a section on the CRF was added in February, 1995, requesting the identity of a videotape's sponsor. Interrogatory No. 1(f) to Bylund inquires as to whether Raths asked Bylund to assist him in reinstating the CRF in October, 1995. Bylund answered that the sponsor identification section of the CRF existed prior to February, 1995, and that Raths did not ask Bylund to assist him in reinstating the CRF. The answer is responsive and EANE's motion to compel further answers to those Interrogatories will, therefore, be denied.

### B. Interrogatories Concerning Document and Witness Identification

EANE's Interrogatory No. 4 to all Defendants asks for the identity of "each and every document that you will use in the course of this litigation", and the date, authorship and summary of each document. The Defendants object to that Interrogatory as vague, overbroad and, to the extent applicable, an improper request for attorney work product. The objection is well taken and EANE's motion to compel an answer will, therefore, be denied.

In Interrogatory No. 6 to all Defendants, EANE requests the identity of each witness that the Defendants expect to call at trial and a detailed statement of his or her anticipated testimony. The Defendants' objection that the request is overbroad is well taken and the Interrogatory also calls for attorney work product. For those reasons, EANE's motion to compel will be denied.

### C. Discovery Regarding the PAC as a Public Forum

EANE contends that the Defendants evaded its Request for Admission No. 17, which asks them to admit that the PAC is a public forum. The Defendants adequately responded by denying that the channel is a public forum.

EANE claims that Bylund failed to answer Interrogatory No. 6, which asks (1) who made the decision that the channel was not a public forum, (2) when such a decision was made and (3) if the PAC is not a public forum, what kind of forum it is. Bylund responded that no answer was required to Interrogatory No. 6. The only relevance of EANE's inquiry concerns whether the PAC is a public forum, and because the Defendants assert that it is not a public forum, in response to Request for Admission No. 17, EANE's motion to compel an answer to Interrogatory No. 6 will be denied.

### D. Discovery Concerning Opinion Letter

EANE's Request for Admission No. 6 to all Defendants asks whether Raths sought a legal opinion from attorney Dee Moschos concerning whether the Defendants were required to air EANE's videotapes. In the request, EANE identifies an October 18, 1995 opinion letter from Moschos to Raths and further notes that the letter is EANE's

**438**

Exhibit 21 attached to its complaint. EANE's Interrogatory No. 1(c) to Raths asks the same question as the Request for Admission, although it states that the Moschos letter is dated October 17, 1995.

The Defendants object to both requests because they claim that no Exhibit 21 was attached to EANE's complaint. An opinion letter dated October 17, 1995 from Moschos to Raths, however, appears as EANE's Exhibit 28 attached to its complaint. Because the letter was attached to EANE's complaint, where it can easily be located and identified despite EANE's typographical error, EANE's motion to compel with respect to those two requests will be allowed. *See* Fed.R.Civ.Pro. 36(a).

### E. Document Production Requests Concerning Bylund's Employment

 EANE sought all personnel evaluations and reprimand letters regarding Bylund through Request for Production of Documents Nos. 5 and 6. The Defendants objected on three grounds: (1) that the documents contain confidential, personal information, (2) that the information EANE seeks is irrelevant and (3) that Eane's request is meant to harass Bylund.

The Defendants' first ground for objecting is unpersuasive because employee personnel evaluations are not privileged documents and they have not sought a protective order. With respect to the Defendants' second ground, the information requested is relevant because EANE alleges a conspiracy by the Defendants to violate its constitutional rights and Bylund's personnel records could help show his role in their decisions about whether to air EANE's videotapes and whether Bylund's superiors endorsed his decisions. *See* Fed.R .Civ.Pro. 26(b)(1). As to the Defendants' third ground for objecting, the personnel records are relevant to EANE's conspiracy claim and the Defendants offer no argument to show harassment, other than their assertion that the records are irrelevant. EANE's motion to compel production of Byland's personal evaluations and reprimand letters will, therefore, be allowed.

### ORDER

For the foregoing reasons:

1) the plaintiff's motion to compel with respect to Request for Admission No. 6 to all Defendants, Interrogatory No. 1(c) to Raths and Request for Production of Documents Nos. 5 and 6 is **ALLOWED,** and

2) the plaintiff's motion to compel with respect to all other discovery requests is **DENIED.**

So ordered.